UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CLYDE HARRIMAN, | ) |
|     Plaintiff | ) ) ) |
| v. | )   1:23-cv-00165-LEW |
| POLICE PROFESSIONAL LIABILITY OFFICE OF THE STATE CONTROLLER, | ) ) ) ) |
|     Defendant | ) ) |

### RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT

Plaintiff filed a complaint and an application to proceed without prepayment of fees and costs, which application the Court granted. (Complaint, ECF No. 1; Application, ECF No. 2; Order, ECF No.4.) In accordance with the statute governing cases in which a plaintiff is permitted to proceed without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's allegations, I recommend the Court dismiss the complaint.

#### BACKGROUND

Plaintiff alleges a Maine State Trooper had Plaintiff's motor vehicle towed because it lacked registration plates. According to Plaintiff, the trooper directed the towing company not to release the vehicle to Plaintiff until Plaintiff registered the vehicle. Plaintiff asserts various theories of recovery, including "false arrest" and a violation of the "the fundamental right to travel." The only named defendant is the Police Professional

Liability, Office of the State Controller.  Plaintiff asserts his action pursuant to 42 U.S.C. § 1983.[1]

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action.  When a party is proceeding pursuant to § 1915, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  The § 1915A screening requires courts to "identify `cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be

---

[1] Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

2

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

Plaintiff has named one defendant, the Police Professional Liability, Office of the State Controller. (Complaint at 2.) Plaintiff, however, fails to allege any acts or omissions of the entity. To state an actionable claim under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). That is, an individual defendant is entitled to an individualized assessment as to whether Plaintiff has asserted an actionable claim against that defendant. Because Plaintiff has not alleged any facts that would support a claim against the only named defendant, dismissal is appropriate.

In addition to identifying the trooper in the complaint, Plaintiff also references "Supervisory Defendants" and "a municipality" when alleging his theories of recovery. Plaintiff does not identify the supervisors or municipality. The mere mention in a complaint of other individuals or entities does not convert them into defendants. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). Furthermore, the

general reference to supervisory defendants or a municipality is insufficient to notify any individual or entity of a claim against them.

Even if the Court construed the complaint as naming the trooper or any other individual or entity referenced in the complaint as a defendant, Plaintiff has not alleged an actionable claim. Plaintiff attempts to assert a claim based on the alleged violation of his right to travel based on the impoundment of his vehicle. The "right to travel … embraces at least three different components." *Saenz v. Roe*, 526 U.S. 489, 500 (1999). First, "[i]t protects the right of a citizen of one State to enter and to leave another State;" second, it protects "the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State;" and third, it protects "those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." *Id.* [2]

The regulation of motor vehicle travel, including a registration requirement, does not infringe upon an individual's right to travel. *See Jeannite v. Coyne 5194,* No. 23-cv-10408-RGS, 2023 WL 2711048 (D. Mass. Mar. 30, 2023); *Redman v. Sununu*, No. 21-cv-267-JL, 2021 WL 6880649, at *7 (D.N.H. Nov. 24, 2021, *report and recommended decision adopted*, 2022 WL 410072 (Feb. 10, 2022)). Plaintiff has not alleged an actionable claim for a violation of his right to travel.

Plaintiff also asserts his encounter with the trooper and the impoundment of his vehicle constitute a false arrest. To prevail on a false arrest claim, a plaintiff must establish

---

[2] Even if the Court were to read the complaint to allege a procedural or substantive due process violation, Plaintiff has not stated a plausible due process claim. *See Carter v. Campenelli*¸ No. 22-CV-2702-AMD-LB, 2022 WL 1667022 at *2 (E.D.N.Y. May 25, 2022) (holding when an officer has a "valid basis for impounding the plaintiff's car," for example, a suspended registration, there is no substantive due process violation).

that "(1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the defendant had no privilege to cause the confinement." *Steeves v. City of Rockland*, 600 F. Supp. 2d 143, 184 (D. Me. 2009).  Plaintiff has not alleged that his person was confined in any way that would support a false arrest claim.

Finally, Plaintiff references a "failure to train," "unlawful trespass," "harassment," "unlawful search and seizure," and "violation of speedy trial."  Plaintiff's allegations lack the necessary facts to support any such claims and can fairly be characterized as conclusory.  A complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013).

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of May, 2023.